# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ERIC GRONDAHL and JUSTINA BENNETT,**<br><br>Plaintiffs,<br><br>v.<br><br><br>**BURNETT COUNTY SHERIFF'S DEPARTMENT,**<br>**DEPUTY GREG CHAFER, in his individual and official capacities,**<br>**WARDEN KEVIN CROTEAU, in his individual and official capacities,**<br>**DA KEVIN SCHMIDT, in his individual and official capacities,**<br>**ADA JOSE VILLARD, in his individual and official capacities,**<br>**BURNETT COUNTY DISTRICT ATTORNEY'S OFFICE,**<br>**BURNETT COUNTY CLERK'S OFFICE, and**<br>**CYNTHIA YOURCHUCK (Private Co-Conspirator),**<br><br>Defendants. | **CASE NO. [To be assigned]**<br><br>**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983, MONELL LIABILITY, IMMUNITY-STRIPPING DOCTRINES, MALICIOUS PROSECUTION, AND STATUTORY PUBLIC RECORDS VIOLATIONS**<br><br>**JURY TRIAL DEMANDED**<br><br>26-cv-700-wmc |

## I. PRELIMINARY STATEMENT & JURISDICTION

**1. Nature of the Action:** This civil rights action is brought pursuant to 42 U.S.C. § 1983 to redress severe, bad-faith constitutional deprivations committed under color of state law. Defendants—acting individually, collectively, and in active concert with private co-conspirator Cynthia Yourchuck—weaponized state power, fabricated probable cause, instituted retaliatory criminal enforcement, and subverted procedural due process to punish Plaintiffs for exposing public-private tax fraud and participating in official state regulatory compliance audits.

**2. Jurisdiction:** This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under the Constitution and laws of the United States, specifically the First, Fourth, and Fourteenth Amendments, and 42 U.S.C. § 1983.

**3. Venue:** Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b) because all events, omissions, and constitutional torts giving rise to these claims occurred within Burnett County, Wisconsin, which lies within this judicial district.

## II. PARTIES

**4. Plaintiff ERIC GRONDAHL** is an individual citizen who, at all relevant times, engaged in protected public whistleblowing, state tax compliance oversight, and official audit participation.

**5. Plaintiff JUSTINA BENNETT** is an individual citizen and co-plaintiff who was directly targeted by the retaliatory dragnet operation designed to exert maximum pressure, chill First Amendment rights, and impede evidence collection regarding the underlying tax fraud scheme.

**6. Defendant BURNETT COUNTY SHERIFF'S DEPARTMENT** is a local municipal law enforcement agency organized under the laws of the State of Wisconsin, operating as a final policymaker for county law enforcement customs and practices. Its supervisory and command staff actively participated in manufacturing and endorsing the false evidentiary basis for the citations and coordinating with prosecutors to weaponize arbitrary time limits to conceal the true motives behind the case dismissals.

**7. Defendant DEPUTY GREG CHAFER** is an employed law enforcement officer of the Burnett County Sheriff's Department who personally executed the retaliatory citation scheme. He is sued in his individual and official capacities.

**8. Defendant WARDEN KEVIN CROTEAU** is a state conservation warden/agent who conducted the Managed Forest Law (MFL) audit, during which Plaintiff Eric Grondahl acted in an official advisory capacity. He is sued in his individual and official capacities. Warden Croteau possessed an affirmative duty and mandate to protect Plaintiffs' civil rights and intercede, yet breached that duty by failing to intervene when contacted while Deputy Chafer was on scene investigating and preparing retaliatory citations against Plaintiffs for their presence during the official audit.

**9. Defendant DA KEVIN SCHMIDT** is the elected District Attorney for Burnett County, exercising final prosecutorial policymaking authority and directing the administrative cover-up and suppression of records. He is sued in his individual and official capacities.

**10. Defendant ADA JOSE VILLARD** is an Assistant District Attorney for Burnett County who participated directly in the weaponization of the prosecution and the engineering of secret *ex parte* dismissals. He is sued in his individual and official capacities.

**11. Defendant BURNETT COUNTY DISTRICT ATTORNEY'S OFFICE** is the municipal/state prosecutorial entity responsible for administrative and systemic processing of criminal matters and public records in Burnett County.

**12. Defendant BURNETT COUNTY CLERK'S OFFICE** is the municipal administrative office responsible for maintaining court dockets, index records, and case filings, which breached ministerial duties by failing to properly index records and leaving required docket fields blank to obstruct public oversight.

**13. Defendant CYNTHIA YOURCHUCK** (private actor) is a private landowner and tax fraud perpetrator who actively conspired with state actors, instigated the retaliatory police action, and utilized state machinery as a smokescreen to conceal ongoing tax evasion. Under *Adickes v. S.H. Kress & Co.* and *Dennis v. Sparks*, she operated as a joint state actor under color of law.

## III. FACTUAL FOUNDATION & PROTECTED CITIZEN RIGHTS ACTIVITY

**14. State-Level Tax Compliance & MFL Audit Participation:** Plaintiff Eric Grondahl's physical presence on the subject property was executed strictly in the official capacity of an advisor and participant accompanying state agent Warden Kevin Croteau during a state-level tax compliance audit under the Managed Forest Law (MFL) program. This activity was fully protected under state regulatory enforcement support principles and citizen participation rights.

**15. Preemptive Documentation & Public Notice:** To eliminate ambiguity and prevent predictable retaliation, Plaintiff Eric Grondahl proactively visited the Webster Ranger Station the prior day (March 30) to verify map interpretations, document access corridors, and establish an official record of public purpose, thereby securing First Amendment petition and speech protections.

**16. Exposure of Private-Public Tax Impropriety:** Plaintiffs' actions directly targeted ongoing state tax evasion and tax fraud perpetrated by **Cynthia Yourchuck**—the exact private actor who subsequently drove the retaliatory police action.

**17. Immediate Retaliatory Escalation & Warden Abandonment:** Officer O'Toole's body-worn camera footage captures immediate, aggressive escalation less than 24 hours after the warden's investigation concluded. When Warden Croteau was directly contacted while Deputy Chafer was on scene manufacturing citations against Plaintiffs for their participation in the MFL audit, Warden Croteau failed and refused to uphold his mandate to protect Plaintiffs' civil rights, abandoning them to retaliatory state action.

## IV. CAUSES OF ACTION

*COUNT I: FOURTH AMENDMENT VIOLATION — UNREASONABLE SEIZURE, FABRICATION OF PROBABLE CAUSE, & FAILURE TO INTERVENE (42 U.S.C. § 1983)*

*(Against Deputy Greg Chafer, Warden Kevin Croteau, Burnett County Sheriff's Department Supervisory Staff, and Joint-Conspirator Defendant Cynthia Yourchuck)*

**18.** Plaintiffs incorporate all preceding paragraphs by reference.

**19.** Under the Fourth Amendment and *Manuel v. City of Joliet*, 580 U.S. 357 (2017), individuals have a fundamental right to be free from unreasonable seizure and criminal charges initiated without probable cause based on fabricated evidence.

**20.** Deputy Chafer and supervisory personnel within the Burnett County Sheriff's Department issued and endorsed groundless trespass citations knowing Plaintiffs were present solely at the warden's request or targeted via a retaliatory dragnet, actively creating and rubber-stamping a false evidentiary basis.

**21.** Warden Kevin Croteau, having direct knowledge that Plaintiffs were present strictly under his official MFL audit mandate and having been contacted while Deputy Chafer was on scene, breached his clear constitutional duty to intercede and prevent the unlawful issuance of citations, rendering him liable under § 1983 for failure to intervene.

**22.** The sole evidentiary pretext provided for probable cause was a temporally impossible photograph of Ken Bennett alone—a direct contradiction of physical reality known to the deputy and supervisors at issuance, constituting malicious prosecution and fabrication of evidence actionable under 42 U.S.C. § 1983 and *Strid v. Converse*, 111 Wis. 2d 418 (1983).

**23. Immunity Stripping:** Under *Malley v. Briggs,* 475 U.S. 335 (1986), Deputy Chafer, Warden Croteau, and participating supervisors are **stripped of qualified immunity** because their active participation in or failure to stop a known retaliatory fabrication was so lacking in indicia of lawful authority as to render official belief in its legality entirely unreasonable. Defendant **Cynthia Yourchuck**, as a private instigator of this fabricated enforcement, loses private immunity as a joint state actor under color of law.

### *COUNT II: FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)*

*(Against Deputy Chafer, Warden Kevin Croteau, Burnett County Sheriff's Department, DA Kevin Schmidt, ADA Jose Villard, and Defendant Cynthia Yourchuck)*

**24.** Plaintiffs incorporate all preceding paragraphs by reference.

**25.** Plaintiffs engaged in constitutionally protected speech and whistleblowing by exposing **Cynthia Yourchuck's** tax fraud and participating in state MFL audits.

**26.** Defendants retaliated against Plaintiffs by instigating and executing a retaliatory enforcement sweep, issuing fraudulent citations, expanding the dragnet, and—in the case of Warden Croteau—acquiescing to and failing to halt the punishment of audit participants.

**27. Immunity Stripping & Probable Cause Override:** Under *Nieves v. Bartlett*, 587 U.S. 391 (2019) and *Gonzalez v. Trevino*, 602 U.S. ___ (2024), any objective probable-cause defense is **entirely overridden** because objective evidence and temporal proximity prove retaliatory animus designed to punish whistleblower exposure of tax fraud.

### *COUNT III: FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS — EX PARTE SUPPRESSION & COORDINATED COVER-UP*

*(Against DA Kevin Schmidt, ADA Jose Villard, Burnett County Sheriff's Department, and the Burnett County District Attorney's Office)*

**28.** Plaintiffs incorporate all preceding paragraphs by reference.

**29.** Rather than facing an open evidentiary hearing where fabricated probable cause would collapse, the prosecution and sheriff's supervisory personnel coordinated to impose arbitrary time limits and engineer a secret, unserved *ex parte* dismissal (Case Nos. 2026F0000123 and 2026FO000124) to conceal the real reasons for dismissal.

**30.** This deliberate concealment violated Fourteenth Amendment procedural due process under 42 U.S.C. § 1983.

**31. Immunity Stripping:** Under *Burns v. Reed*, 500 U.S. 478 (1991) and *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), absolute prosecutorial immunity is **entirely stripped** because DA Schmidt and ADA Villard stepped outside core courtroom advocacy (*Imbler v. Pachtman*) to participate in administrative cover-ups and engineer secret *ex parte* dismissals to obstruct judicial scrutiny.

### COUNT IV: MONELL MUNICIPAL, CLERK, & SUPERVISORY LIABILITY (42 U.S.C. § 1983)

*(Against Burnett County Sheriff's Department, Burnett County District Attorney's Office, and Burnett County Clerk's Office)*

**32.** Plaintiffs incorporate all preceding paragraphs by reference.

**33.** Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), municipal entities are liable where constitutional deprivations result from official custom, widespread practice, inadequate training, and final policymaker coordination across the Sheriff's Department, DA's office, and the Clerk's Office (including supervisory creation of false evidentiary bases, blank docket fields, willful failure of ministerial indexing mandates, missing indexing, and propagation of false accounts).

### COUNT V: WISCONSIN PUBLIC RECORDS & MANDAMUS VIOLATIONS

*(Against DA Kevin Schmidt and Burnett County Sheriff's Department)*

**34.** Plaintiffs incorporate all preceding paragraphs by reference.

**35.** The DA's office and Sheriff's Department invoked improper exemptions (misapplied "Foust" restrictions) and rigid time limit narratives in direct violation of Wis. Stat. § 19.35.

**36.** Pursuant to Wis. Stat. § 19.37(1), these violations trigger mandatory statutory liabilities, mandamus relief, attorney fees, and punitive damages against the withholding agencies.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

1. **Declaratory Judgment:** Declaring that the acts, policies, and practices of Defendants violate the First, Fourth, and Fourteenth Amendments to the United States Constitution and Wisconsin statutory law.

2. **Damages:** Awarding compensatory and punitive damages against all individual Defendants in their personal and official capacities, jointly and severally.

3. **Statutory Penalties & Fees:** Awarding mandatory attorney fees, costs, and statutory punitive damages pursuant to Wis. Stat. § 19.37(1) for public records violations.

4. **Jury Trial:** Ordering a trial by jury on all issues so triable.

5. **Additional Relief:** Granting such other and further relief as this Court deems equitable, just, and proper.

**Dated:** July 29, 2026

**Respectfully submitted,**

/s/ Eric Grondahl
**ERIC GRONDAHL**, Plaintiff *Pro Se*


/s/ Justina Bennett
**JUSTINA BENNETT**, Plaintiff *Pro Se*
Currently residing in Duluth, MN