IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC GRONDAHL, JUSTINA BENNETT, and
KENNETH ARTHUR BENNETT,

Plaintiffs,

v.

OPINION AND ORDER

26-cv-700-wmc

BURNETT COUNTY SHERIFF'S DEPARTMENT,
DEPUTY GREG CHAFER, WARDEN KEVIN CROTEAU,
DA KEVIN SCHMIDT, ADA JOSE VILLARD,
BURNETT COUNTY DISTRICT ATTORNEY'S
OFFICE, BURNETT COUNTY CLERK'S OFFICE,
CYNTHIA YOURCHUCK, and KEITH KRAJEWSKI,

Defendants.

---

Plaintiffs Eric Grondahl, Justina Bennett, and Kenneth Arthur Bennett, who are representing themselves, have filed a complaint and two amended complaints against several Burnett County agencies and officials and a private citizen, alleging retaliation for participating in a state compliance audit under the Managed Forest Law that uncovered a tax fraud scheme. (Dkt. ##1, 5, and 7.) There are several problems with the complaints.

To begin, while Grondahl is a registered e-filer with the court and has signed the complaints with an electronic signature, the other two named plaintiffs, Justina and Kenneth Bennett, are not registered e-filers, so their electronic signatures appearing on one or more of the complaints are not valid. Federal Rule of Civil Procedure 11(a) requires *every* pleading to be signed either by a party's attorney of record or by the party personally if he or she is unrepresented.

In addition, plaintiffs seek leave to proceed without prepaying the filing fee under 28 U.S.C. § 1915. (Dkt. #6.) However, while the court has found that plaintiffs Grondahl and

Justina Bennett qualify as indigent, plaintiff Kenneth Bennett did not submit sufficient information from which the court can determine whether he qualifies for indigent status, including a current address, and has failed to respond to the court's request for such information. (Dkt. #8.) Accordingly, before Kenneth Bennett may proceed as a plaintiff in this case, he must either file a financial affidavit or pay the filing fee in full by October 13, 2026. If he fails to do either of these things by that date, he will be dismissed as a plaintiff in this case.

In addition, because plaintiffs seek leave to proceed without prepayment of the filing fee, this court must screen the original complaint and the amendments under 28 U.S.C. § 1915(e)(2)(B), and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. The court must construe the complaints generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiffs' complaints must be dismissed without prejudice because they fail to comply with Federal Rule of Civil Procedure 8, which requires plaintiffs to provide notice to the defendants of what they believe each defendant did to violate their rights. Specifically, plaintiffs fail to allege specific facts about what happened to each of them, when it occurred, and what each defendant did or did not do to violate each of the plaintiffs' constitutional rights.

Accordingly, the complaints will be dismissed without prejudice. Plaintiffs will have until October 13, 2026, to file an amended complaint that complies with Rule 8 by providing a "short and plain" statement of facts that explain how each named defendant violated the rights of each named plaintiff, including the "what, when, where, and how" of the event in

question. Although plaintiff Grondahl may electronically sign the amended complaint, plaintiffs Justina and Kenneth Bennett must physically sign the complaint and any other document submitted to the court. As a non-lawyer, plaintiff Grondahl may not represent the other plaintiffs or sign any documents or filings on their behalf. 28 U.S.C. § 1654; *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). If plaintiffs file an amended complaint by October 13, the court will screen it, but if they file nothing, the court will dismiss this case with prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

ORDER

IT IS ORDERED that:

1) The complaint and amended complaints filed by plaintiffs Eric Grondahl, Justina Bennett, and Kenneth Bennett (dkt. ##1, 5, and 7) are DISMISSED WITHOUT PREJUDICE.

2) Plaintiffs have until **October 13, 2026**, to file an amended complaint that complies with Fed. R. Civ. P. 8 and is signed by all named plaintiffs. If they file an amended complaint by that date, the court will screen it, but if they file nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

3) Plaintiff Kenneth Bennett has until October 13, 2026, to provide the court with his current mailing address and either file a new affidavit of indigency or pay the $405 filing fee. If Bennett fails to respond by that date, he will be dismissed as a plaintiff in this case.

Entered this 21st day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge